Eugene J. Egan (State Bar No. 130108)
  *gene.egan@manningkass.com*
Gabriella Pedone (State Bar No. 308384)
  *gabriella.pedone@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| QUINNTONIA KIMBERLY THORNTON, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, and DOES 1 TO 10, Inclusive, <br><br> Defendants. | Case No. 2:26-cv-03715-SRM-RAO <br><br> ~~PROPOSED~~ **ORDER GRANTING AMENDED STIPULATED PROTECTIVE ORDER** <br><br> *[District Judge: Serena R. Murillo Magistrate Judge: Rozella A. Oliver]* <br><br> Trial Date:        Not Set |

GOOD CAUSE APPEARING, the Court hereby orders that the following procedures shall govern the Amended Stipulated Protective Order between Plaintiff QUINNTONIA KIMBERLY THORNTON and Defendant TARGET CORPORATION:

1.     This Amended Order is meant to encompass all forms of disclosure which may contain  confidential material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.) Any material identified as confidential shall not be disclosed to any person or entity

except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court. For purposes of this Amended Order confidential material is defined as follows:

- *Team Member Handbook, July 2023 (safety section);*
- *Safety Expectations, 2021;*
- *Cleaning Spills procedures, 2023;*
- *Cleaning Spill best practice Oct. 2023;*
- *Safety Fundamentals, 2023;*
- *Fundamentals store poster, Jan. 2023;*
- *Housekeeping Best Practices, Oct. 2023;*
- *Identify/Resolve Hazards-slip/trip/fall prevention, April 2022;*
- *Emergency Procedures Flipchart, August 2023 (Medical - Code Green);*
- *Safety Poster Aug. 2023;*
- *Declaration Pages of Target general liability insurance policy;*
- *First Page of Target Guest Incident Report;*
- *Two photographs of the incident scene;*
- *Video of the incident scene;*

2. Good cause exists for this amended stipulated protective order because TARGET CORPORATION'S policies and procedures documents contain proprietary information of TARGET CORPORATION and TARGET CORPORATION only authorizes production of these proprietary documents subject to a protective order. TARGET CORPORATION would suffer harm if its proprietary policies and procedures documents and surveillance video were disseminated.

4. Any material designated as confidential pursuant to paragraph 1 above shall be used solely for the purposes of this Lawsuit, including at trial, and for no other purpose.

5.    If additional persons become parties to this Lawsuit, they shall not have access to any confidential material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

6.    In the event that any question is asked at a deposition that calls for the disclosure of confidential material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Amended Order.  Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as confidential pursuant to paragraph 1 above.  When confidential material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Amended Order.

7.    If a party believes that any confidential material does not contain confidential information, it may contest the applicability of this Amended Order to such information by notifying the designating party's counsel in writing and identifying the information contested.  The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue.  If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information.  Information that is subject to a dispute as to whether it  is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

8.    Inadvertent failure to designate any material confidential shall not

4922-3641-9506.1

3

constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure.  At such time, arrangements shall be made by the parties to designate the material confidential in accordance with this Amended Order.

9.    This Amended Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

10.    When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Amended Order, or of facts constituting good cause to believe that a violation of this Amended Order may have occurred, such attorney shall report that there may have been a violation of this Amended Order to the Court and all counsel of record.

11.    Within thirty days after the termination of this Lawsuit (whether by dismissal of final judgment) and  request by TARGET CORPORATION, all confidential material (including all copies) shall be returned to counsel for the designating party.  In addition, counsel returning such material shall execute an affidavit, to be provided by TARGET CORPORATION, verifying that all confidential material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Amended Order.  Such a representation fully contemplates that returning counsel has:  (1) contacted all persons to whom that counsel disseminated confidential material, and (2) confirmed that all such material has been returned to disseminating counsel.

12.    After the termination of this Lawsuit, the provisions of this Amended Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Amended Order for the sole purpose of enforcement of  its provisions.

4922-3641-9506.1

4

IT IS SO ORDERED.


Dated:  06/12/2026

ROZELLA A. OLIVER
U.S. MAGISTRATE JUDGE